IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In Re:<br><br>Douglas Kevin Smith,<br>   *Debtor*. | § § § § § § | Chapter 7<br><br>CASE NO. 5:20-50578-RBK |
| Douglas Kevin Smith,<br>   *Appellant*,<br>v.<br><br>Eric B. Terry, Chapter 7 Trustee,<br>   *Appellee*. | § § § § § § § § § | CIVIL ACTION NO. 22-CV-790-XR |

## **ORDER**

On this date, the Court considered Appellant Dr. Douglas K. Smith's appeal from an order of the Bankruptcy Court granting Trustee Eric B. Terry's motion to strike certain items from Dr. Smith's designation of items to be included in the record on appeal. The Court has considered the record, applicable law, and the parties' Briefs, including Appellant's Brief (ECF No. 6), Appellee's Brief (ECF No. 7), and Appellant's Reply Brief (ECF No. 8). For the reasons stated below, the judgment of the Bankruptcy Court is **AFFIRMED** and the appeal is **DISMISSED**.

## BACKGROUND

This is a *pro se* appeal of an order granting Appellee Chapter 7 Trustee Eric B. Terry's motion to strike certain items from Dr. Smith's designation of items to be included in the record on appeal. ECF No. 1-1.

Appellant Dr. Douglas K. Smith ("Dr. Smith") is a Texas-licensed physician and radiologist, who founded Salubrio, a Nevada LLC, in 2013. On March 11, 2020, Salubrio filed its voluntary petition for relief under Chapter 11, Subchapter V of the Bankruptcy Code in the

bankruptcy case styled *In re Salubrio, LLC*, No. 20-50578-RBK, in the United States Bankruptcy Court for the Western District of Texas, San Antonio Division.

On June 10, 2020, Salubrio was removed as debtor-in-possession. On September 23, 2020, Salubrio's bankruptcy case was converted to one administered under Chapter 7, and Trustee was appointed as the Chapter 7 Trustee. ECF No. 4-2 at 9–10.

On November 1, 2020, Dr. Smith initiated Adversary Proceeding No. 20-05067-RBK against Trustee, Trustee's counsel, and creditors in Salubrio's bankruptcy case. Dr. Smith's Complaint filed in Adversary No. 20-05067-RBK stated claims to recover money or property under Section 548 of the Bankruptcy Code as well as pursuant to a state law fraudulent transfer statute on behalf of the Salubrio bankruptcy estate, in violation of the automatic stay pursuant to 11 U.S.C. § 362 of the Bankruptcy Code in the Salubrio bankruptcy case. As a result, on November 17, 2020, Trustee moved the Bankruptcy Court to: 1) Enforce the Automatic Stay; 2) Enforce the Barton Doctrine; 3) Hold Douglas K. Smith in Contempt; and 4) Enter Channeling Injunction Against Douglas K. Smith.[1]

On December 1, 2020, the Bankruptcy Court issued the Gatekeeping Order. ECF No. 4-2 at 19–22. In relevant part, the Bankruptcy Court held that, "[a]s a necessary and appropriate 'gatekeeping' procedure, Dr. Smith must first seek leave from this [Bankruptcy] Court before filing any motion or complaint in any forum that seeks relief from or against the Trustee, his professionals, or other creditors or parties in interest, including Pioneer Bank, MedLegal Solutions, Inc., and BooToo, Ltd." *Id*. at 21.

On February 16, 2022, Trustee Terry filed a motion to enforce the Bankruptcy Court's Gatekeeping Order after Dr. Smith, on or about February 9, 2022, began filing multiple motions

---

[1] ECF No. 6-2 at 16–18 (Case No. 5:22-CV-00169-XR) (Appellee's Designation of the Record).

to disqualify Trustee's counsel. *Id*. at 23–28. Specifically, Trustee contended that, in violation of the Gatekeeping Order, Dr. Smith had filed motions in the following appeals pending before the United States District Court for the Western District of Texas: 5:21-cv-01268-FB; 5:21-cv-00528-JKP; 5:21-cv-01137-FB, and 5:21-cv-1215-XR. *Id*. at 25.

The Bankruptcy Court held a hearing on the motion on February 22, 2022. ECF No. 3-3 at 1649–74. The Bankruptcy Court thereafter entered its Order on the motion, granting the motion in part and enforcing the Gatekeeping Order against Dr. Smith "for his violation of the Gatekeeping Order as a result of his filing the . . . referenced motions in appeals pending before the United States District Court for the Western District of Texas. *Id*. at 55. The Bankruptcy Court ordered Dr. Smith to "immediately withdraw the Motions to Disqualify" but noted that "his withdrawing of the Motions to Disqualify is without prejudice to Dr. Smith's ability to file a Motion for Leave of the Bankruptcy Court to file such motions in this Bankruptcy Court." *Id*. at 56.

After withdrawing his Motions to Disqualify, Dr. Smith did not file a motion for leave of the Bankruptcy Court requesting to file such motions in the Bankruptcy Court. Instead, Dr. Smith initiated his appeal of the Bankruptcy Court's order in Case No. 5:22-CV-00169-XR. Dr. Smith's notice of appeal initiating Case No. 5:22-CV-00169-XR was filed on February 23, 2022.

On June 2, 2022, Appellant filed his Designation of Items to be Included in the Record on Appeal in Case No. 5:22-CV-00169-XR. ECF No. 4-2 at 62–67.

On June 16, 2022, Trustee filed his motion to strike certain items concerning Dr. Smith's appellate designation. *Id*. at 68–77. Dr. Smith did not file a response to the motion to strike.

On July 13, 2022, the Bankruptcy Court entered an Order granting the Trustee's motion to strike various items listed in Dr. Smith's designation from inclusion in the record on appeal. ECF

3

No. 1-1. On July 21, 2022, Dr. Smith filed a notice of appeal of the Order granting the motion to Strike, thereby initiating the instant appeal.

## APPELLANT'S ISSUES ON APPEAL

Appellant's Brief lists 11 issues raised on appeal. ECF No. 6.

1. Whether the Federal Rules of Appellate Procedure permit U.S. Bankruptcy Court to strike items from bankruptcy docket considered by the bankruptcy court from Appellant's designated appellate record of U.S. District Court after appellate record is designated as Complete by U.S. District Court?

2. Whether Federal appellate due process permits an Appellee to strike items from Appellant's designated appellate records after appeals are fully briefed?

3. Whether the Public is best served by permitting bankruptcy court to strike evidence of attorney fabrication of documents and false claims by attorneys to regulatory agencies as Fraud-on-the-Court for which bankruptcy court agreed to take judicial notice and contained in Appellant's designated appellate record?

4. Whether Order to Strike records considered by bankruptcy court from Appellant's designated appellate records proving Fraud-on-the-Court constitutes abuse of bankruptcy court discretion?

5. Whether Order to Strike items from appellate record designated as Complete by U.S. District Court and considered by bankruptcy court in adjudication constitutes deprivation of Appellant's due process rights guaranteed by 5th Amendment of U.S. Constitution?

6. Whether Order to Strike items from appellate record designated as Complete by U.S. District Court and considered by bankruptcy court in adjudication constitutes deprivation of Appellant's due process rights guaranteed by Article 1, Section 17 of Texas Constitution?

7. Whether Order to Strike items from appellate record designated as Complete by U.S. District Court and containing evidence of attorney fabrication of documents as Fraud-on-the-Court that bankruptcy court agreed to take judicial notice constitutes obstruction of justice?

8. Whether Order to Strike items from appellate record designated as Complete by U.S. District Court and containing evidence of attorney fabrication of documents as Fraud-on-the-Court that bankruptcy

      court agreed to take judicial notice constitutes deprivation of Appellant's right to equal protection under the law guaranteed by 14th Amendment of U.S. Constitution?

9. Whether the bankruptcy court erred by permitting Fiduciary Trustee to conceal evidence of Fraud-on-the-Court from appellate court by issuing Order to Strike evidence that bankruptcy court agreed to take judicial notice documented in official hearing transcript?

10. Whether Article 1 bankruptcy court exceeded authority and encroached on exclusive authority of U.S. District Court over the appellate record?

11. Whether the bankruptcy court erred by intentionally depriving appellate Court of bankruptcy court records that bankruptcy court took judicial notice and upon which bankruptcy court relied for adjudication?

## DISCUSSION

**I.    Appellate Standard of Review**

A district court has jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy judges entered in cases and proceedings referred to bankruptcy judges. *See* 28 U.S.C. § 158(a). On appeal, a bankruptcy judge's conclusions of law are reviewed *de novo*, whereas findings of fact will not be set aside unless they are found to be clearly erroneous. *In re National Gypsum Co.*, 208 F.3d 498, 503 (5th Cir. 2000). The district court reviews mixed questions of law and fact *de novo*. *Id.*

The court reviews discretionary decisions of the bankruptcy court for abuse of discretion. *See Mendoza v. Temple-Inland Mortgage Corp. (In re Mendoza)*, 111 F.3d 1264, 1270 (5th Cir. 1997). A bankruptcy court abuses its discretion when "its ruling is based on an erroneous review of the law or on a clearly erroneous assessment of the evidence." *In re Yorkshire, LLC*, 540 F.3d 328, 331 (5th Cir. 2008) (quoting *Chaves v. M/V Medina Star*, 47 F.3d 153, 156 (5th Cir. 1995)).

## II.   Analysis

In reviewing Appellant's statement of issues, the Court concludes that Appellee's simplified and concise statement of issues is more appropriately tailored for the Court's consideration. In particular, the Court must determine whether the Bankruptcy Court erred in granting Trustee's motion to strike certain items from Dr. Smith's designation of items to be included in the record on appeal. The remainder of Dr. Smith's issues raised on appeal have no bearing on whether the Bankruptcy Court exercised proper discretion in striking certain items from the record on appeal in Case No. 5:22-CV-00169-XR.

Dr. Smith designated the following items be included in his appeal in Case No. 5:22-CV-00169-XR:

- Docket Nos. 4, 5, 10, 11, 13, 14, 15, 19, and 25 (including the November 1, 2021 hearing transcript) filed in Adversary Proceeding No. 21-05084-RBK; *Douglas Kevin Smith v. Salubrio, LLC* (ECF No. 3-2)

- Docket Nos. 1, 22, 35, 38, 43, 85, 100, 105, 121, 130, 135, 146, 154, 164, and 200 (including the May 24, 2021 hearing transcript) filed in Bankruptcy Case No. 21-50519-RBK; *In re Douglas K. Smith, Debtor* (ECF No. 3-4)

- Docket Nos. 36, 40, 44, 269, 282, 343, 355, 382, 391, 396, 440, 452, 459, 473, 481, 482, 484, 509, 537, 544, 548, 556, 557, 563, 576, 689, and 701 (including the March 22, 2021 and May 6, 2021 hearing transcripts) filed in Bankruptcy Case No. 20-50578-RBK; *In re Salubrio, LLC, Debtor* (ECF No. 3-3)

- Docket Nos. 1, 2, 4, 5, 6, 10, and 12 (including the "Binder of Physical Exhibits Submitted to the Bankruptcy Clerk Designated by Appellant for U.S. District Court" dated May 20, 2022 and the May 26, 2022 hearing transcript) filed in Adversary Proceeding No. 22-05018-RBK; *Eric Terry, Chapter 7 Trustee v. Douglas K. Smith* (ECF No. 3-5)

*See generally* ECF No. 3.

As the basis for this appeal, Dr. Smith incorrectly relies on Federal Rule of Bankruptcy Procedure 8006. Rule 8006 relates to certifications of judgments, orders, or decrees of a bankruptcy court for direct review in a court of appeals under 28 U.S.C. § 158(d)(2). No such certification is at issue here. Similarly, Appellant incorrectly relies on Federal Rule of Appellate Procedure 10 to support his contention that the Bankruptcy Court erred in granting Trustee's motion to strike. As Federal Rule of Appellate Procedure 1 provides, the appellate rules govern procedure in the United States courts of appeals. Rule 3, which provides details on how to file a notice of appeal, specifically provides that "[a]n appeal permitted by law as of right *from a district court* to a court of appeals may be taken . . . ." FED. R. APP. P. 3 (emphasis added). Rule 10 therefore governs only orders from district courts being appealed. FED. R. APP. P. 10. Appellant's contention that the Bankruptcy Court lacked subject matter jurisdiction over the appellate record under Federal Rule of Bankruptcy Procedure 8006 and Federal Rule of Appellate Procedure 10 is therefore misplaced.

Federal Rule of Bankruptcy Procedure 8009 governs the contents of the record on appeal. Appellant Smith acknowledges he is responsible for designating the bankruptcy record on appeal under Rule 8009. ECF No. 6 at 28–29. The bankruptcy court, pursuant to Rule 8009, is responsible for resolving "any difference about whether the record [designated] accurately discloses what occurred" before the bankruptcy court. See FED. R. BANKR. P. 8009(e)(1) ("the difference must be submitted to and settled by the bankruptcy court and the record conformed accordingly). "If an item has been improperly designated as part of the record on appeal, a party may move to strike that item." *Id*.

A district court does not err "in refusing to permit [appellant] to designate documents for appellate review that were never considered by the bankruptcy court." *In re Shah*, 204 F. App'x 357, 359 (5th Cir. 2006).

Trustee argues that the Bankruptcy Court did not abuse its discretion in granting the motion to strike certain items from designation on appeal because the items struck: "(1) are not relevant to the subject matter of the Trustee's Motion to Enforce, (2) were not considered by the Bankruptcy Court in issuing the Enforcement Order, and (3) do not conform to the requirements of Bankruptcy Rule 8009 and applicable Fifth Circuit law concerning the contents of an appellate record." ECF No. 7 at 24. The Court agrees that Appellant has not carried his burden to show that the Bankruptcy Court abused its discretion by striking the various items from the record on appeal. Notably, in reviewing the hearing transcript from February 22, 2022, wherein the Court granted Trustee's motion to enforce the Gatekeeping Order (the subject of the appeal in Case No. 5:22-CV-00169-XR), the Bankruptcy Court did not consider any of the evidence designated to be included in the appellate record by Dr. Smith at issue. Rather, the Bankruptcy Court, enforcing its past Gatekeeping Order, found that Dr. Smith had violated the Gatekeeping Order by initiating various motions to disqualify in the United States District Court for the Western District of Texas.

As Trustee correctly explains, the Bankruptcy Court is best situated to determine what items are properly designated for the appellate record. The Bankruptcy Court's order granting the motion to strike was therefore a proper exercise of discretion.

The Court concludes with two other observations. First, Appellant Dr. Smith did not file a response to Trustee's motion to strike at the Bankruptcy Court, instead initiating this appeal after the motion was granted. In this appeal, he does not provide any basis for why he failed to raise his arguments before the Bankruptcy Court.

Second, Dr. Smith has provided no information whatsoever about the relevance of the stricken evidence. *See* ECF No. 6 at 33–34 (Dr. Smith notes in his briefing that the "appellate record should contain all documents and evidence bearing on the proceedings below and considered by the Bankruptcy Judge in reaching his decision" but fails to provide any substantive argument about why the stricken material has any bearing for appellate purposes on the District Court's review of the Bankruptcy Court's decision granting the motion to strike as it related to the Court's order enforcing the Gatekeeping Order (the order on appeal)).

Appellant has instead focused entirely on what he considers to be the procedural shortcomings of the Bankruptcy Court's order granting the motion to strike. He has not addressed substantively, either in his Brief (ECF No. 6) or Reply Brief (ECF No. 8) why he did not file a response and therefore failed to raise his arguments before the Bankruptcy Court. Similarly, he does not provide any substantive argument or evidence that the Bankruptcy Court failed to properly exercise its discretion in granting the order.

## CONCLUSION

The Court has carefully considered the record and the arguments and authorities presented in Appellant's Brief (ECF No. 6), Appellee's Brief (ECF No. 7), and Appellant's Reply Brief (ECF No. 8). The Court has conducted a *de novo* review of the Bankruptcy Court's motion to strike with respect to the issues raised on appeal. The Court finds that the Bankruptcy Court's order was proper, and thus, for the foregoing reasons, the decision of the Bankruptcy Court is **AFFIRMED**. A final judgment pursuant to Rule 58 will follow.

It is so **ORDERED**.

**SIGNED** this 7th day of June, 2023.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE